```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| SHARON JETER,<br><br>                    Plaintiff,<br><br>-against-<br><br>JUDGE WILEY, et al.,<br><br>                    Defendants. | ORDER<br><br>14-CV-2724 (LAP) |
| SHARON JETER,<br><br>                    Plaintiff,<br><br>-against-<br><br>JUSTIN TIMBERLAKE, et al.,<br><br>                    Defendants. | 14-CV-3976 (LAP) |
| SHARON JETER,<br><br>                    Plaintiff,<br><br>-against-<br><br>FEDERAL RESERVE, et al.,<br><br>                    Defendants. | 14-CV-4006 (LAP) |
| SHARON JETER,<br><br>                    Plaintiff,<br><br>-against-<br><br>BARACK OBAMA, et al.,<br><br>                    Defendants. | 14-CV-5269 (LAP) |

| | |
|---|---|
| SHARON JETER,<br><br>                          Plaintiff,<br><br>-against-<br><br>DOC AND ITS COUNTERPARTS IN USA, et al.,<br><br>                          Defendants. | 14-CV-5513 (LAP) |
| SHARON JETER,<br><br>                          Plaintiff,<br><br>-against-<br><br>UNITED STATES OF AMERICA, et al,<br><br>                          Defendant. | 14-CV-5995 (LAP) |
| SHARON JETER,<br><br>                          Plaintiff,<br><br>-against-<br><br>UNITED STATES OF AMERICA, et al.,<br><br>                          Defendants. | 14-CV-6217 (LAP) |
| SHARON JETER,<br><br>                          Plaintiff,<br><br>-against-<br><br>CNYPC, et al.,<br><br>                          Defendants. | 15-CV-6802 (LAP) |

| | |
|---|---|
| SHARON JETER,<br><br>                     Plaintiff,<br><br>-against-<br><br>CNYPC, et al.,<br><br>                     Defendants. | 15-CV-7040 (LAP) |

| | |
|---|---|
| SHARON JETER,<br><br>                     Plaintiff,<br><br>-against-<br><br>BEYONCE, et al.,<br><br>                     Defendants. | 15-CV-7076 (LAP) |

| | |
|---|---|
| SHARON JETER,<br><br>                     Plaintiff,<br><br>-against-<br><br>BARACK OBAMA, et al,<br><br>                     Defendants. | 15-CV-7278 (LAP) |

| | |
|---|---|
| SHARON JETER,<br><br>                     Plaintiff,<br><br>-against-<br><br>JUDGE WILEY, et al,<br><br>                     Defendants. | 14-CV-6221 (LAP) |

LORETTA A. PRESKA, United States District Judge:

3

Plaintiff, proceeding pro se, filed the above-captioned cases in 2014 and 2015. Many cases were dismissed without prejudice soon after filing on procedural grounds (e.g., for failure to submit an in forma pauperis ("IFP") application or sign the complaint); some were dismissed because Plaintiff had filed the cases as a prisoner, but she is barred, under 28 U.S.C. § 1915(g), from bringing an action IFP while a prisoner.[1] Approximately ten years after dismissal of these cases, in September 2025, Plaintiff filed the identical application, styled as a "proposed order to

---

[1] See Jeter v. Wiley, 14-CV-2724 (S.D.N.Y. Sept. 5, 2014) (dismissed for failure to comply with order directing signature); Jeter v. Timberlake, 14-CV-3976 (S.D.N.Y. July 22, 2014) (dismissed under 28 U.S.C. § 1915(e)(2)(B)(i)-(ii)); Jeter v. Federal Reserve, 14-CV-4006 (S.D.N.Y. July 22, 2014) (dismissed for failure to submit IFP application or fees); Jeter v. Obama, 14-CV-5269 (S.D.N.Y. Dec. 3, 2014) (dismissed under 28 U.S.C. § 1915(e)(2)(B)(i)); Jeter v. DOC, 14-CV-5513 (S.D.N.Y. Mar. 1, 2016) (complaint dismissed under 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)); Jeter v. United States, 14-CV-5995 (S.D.N.Y. Oct. 6, 2014) (dismissed for failure to submit IFP application or fees); Jeter v. United States, 14-CV-6217 (S.D.N.Y. Oct. 2, 2014) (dismissed under 28 U.S.C. § 1915(e)(2)(B)(i)); Jeter v. CNYPC, 15-CV-6802 (S.D.N.Y. Dec. 7, 2015) (dismissed under § 1915(g)); Jeter v. Beyonce, 15-CV-7076 (S.D.N.Y. Dec. 7, 2015) (dismissed under Section 1915(g)); Jeter v. CNYPC, 15-CV-7040 (S.D.N.Y. Dec. 7, 2015) (dismissed under Section 1915(g)); Jeter v. Obama, 15-CV-7278 (S.D.N.Y. Dec. 7, 2015) (dismissed under Section 1915(g)); Jeter v. Wiley, 14-CV-6221 (S.D.N.Y. May 15, 2015) (dismissed for failure to comply with order). This motion was also filed in (1) 15-CV-7518, ECF 5, but that action was transferred to another district; and (2) 24-CV-7018 (LTS), ECF 9, which is assigned to another Judge.

show cause for preliminary injunction and temporary restraining order," in these cases.[2]

In the motions, rather than seeking a temporary restraining order or injunction, Plaintiff challenges the resolution of her cases. Accordingly, the Court liberally construes these submissions as motions for relief from a judgment or order under Rule 60(b) of the Federal Rules of Civil Procedure. For the reasons set out below, the motions are DENIED.

I. **Discussion**

Under Rule 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b).

A motion based on the reasons articulated in Rules 60(b)(1), (2), or (3) must be filed "no more than one year after the entry of the judgment or order or the date of the proceeding." Fed. R.

---

[2] Plaintiff filed three different versions of her motion. Compare 14-CV-2724, ECF 10 ("Version 1") with 14-CV-2724, ECF 11 ("Version 2") and 15-CV-7278, ECF 7 ("Version 3").

Civ. P. 60(c)(1).  Plaintiff's motions, filed approximately ten years after judgment was entered in these cases, are untimely insofar as the motions could be construed as being based on the grounds set forth in subsections (1), (2), or (3).

Plaintiff does not show any reason why any of the judgments are void, Fed. R. Civ. P. 60(b)(4), and does not show that any of the judgments have been satisfied, released, or discharged, or are based on earlier judgments that have been reversed or vacated, Fed. R. Civ. P. 60(b)(5).  Plaintiff challenges the fact of her "cases remaining closed without cause or having been heard" and the fact that she has not had "discovery in each case."  (Version 1 at 1.)  Plaintiff argues that Defendants "have evidence they stole or used to commit crimes and torts against [Plaintiff], America [and] Israel."  (Id.; see also Version 3.)  She also raises the issue of Defendants' "stopping [her] days in court" and not allowing her to "testify at [the] grand jury or know about it." (Version 1 at 1; Version 2 at 1.)  The Court has considered Plaintiff's arguments and, even under a liberal interpretation of the motions, Plaintiff fails to demonstrate that any of the grounds listed in Rules 60(b)(4) or (5) apply.  Therefore, the motions under these clauses are denied.

To the extent that Plaintiff seeks relief under Rule 60(b)(6), the motions are also denied.  "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-

(5)." United Airlines, Inc. v. Brien, 588 F.3d 158, 175 (2d Cir. 2009) (internal citations omitted).  A party moving under Rule 60(b)(6) cannot circumvent the one-year limitation applicable to claims under clauses (1)-(3) by invoking the residual clause of Rule 60(b).  Id.  A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc., 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted).

Plaintiff's motions, which were filed in approximately a dozen cases that were closed a decade earlier, were not filed within a reasonable time and do not demonstrate that extraordinary circumstances exist to warrant relief under Rule 60(b)(6). See Ackermann v. United States, 340 U.S. 193, 199-202 (1950).  Plaintiff's Rule 60(b) motions are therefore denied.

Moreover, the motions lack any cognizable grounds for relief and because of that are frivolous.  The Court cautions Plaintiff that continuing to file frivolous and burdensome motions in closed cases may result in an order directing the Clerk of Court not to accept further documents for filing in Plaintiff's closed cases.

II. Conclusion

Plaintiff's motions are DENIED.  The Clerk of Court is respectfully directed to close the following motions: 14-CV-2724, ECF 10-11; 14-CV-3976, ECF 10; 14-CV-4006, ECF 13; 14-CV-5269, ECF

7

14; 14-CV-5513, ECF 7; 14-CV-5995, ECF 7; 14-CV-6217, ECF 8; 15-CV-6802, ECF 8; 15-CV-7040, ECF 10; 15-CV-7076, ECF 8; 15-CV-7278, ECF 7-8; 14-CV-6221, ECF 10.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Dated:  March 11, 2025
        New York, New York

*Loretta A. Preska*
LORETTA A. PRESKA
United States District Judge